# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MILTON O. CRAWFORD,  )
        Plaintiff,  )  Case No. 2:12-cv-00121-KJD-CWH
        )
vs.  )  **ORDER**
        )
UNITED FOOD AND COMMERCIAL  )
WORKERS UNION LOCAL 711 et. al.,  )
        )
        Defendants.  )

Plaintiff Milton O. Crawford, proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a Complaint (#1) on January 23, 2012.

## I.  *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's complaint.

## II.  Screening the Complaint

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

It appears as though Plaintiff is attempting to state claims for intentional infliction of emotional and mental distress, racial discrimination, age discrimination, wage discrimination, gender discrimination, retaliation for engaging in protected activity, and wrongful discharge against Defendant Union. Plaintiff seeks punitive damages of $5 million, compensatory damages of $314,600, and costs. He alleges that Defendant Union ignored his verbal and written complaints of food safety concerns and unequal treatment, which resulted in him being subjected to a hostile work environment and wrongfully discharged.

Plaintiff does not cite to any U.S. Statute for authority to file these claims against Defendant Union. The Court considered Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. for the discrimination, retaliation, and hostile work environment claims. Title VII allows a person to sue a labor organization for discrimination on the basis of race in membership practices or causing or attempting to cause an employer to discriminate on the basis of race, if he has exhausted both state and Equal Employment Opportunity Commission (EEOC) administrative procedures. 42 U.S.C. § 2000e-2(c)(1-3). Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer. 42 U.S.C. § 2000e-4-5. If the EEOC decides not to sue and if there is no settlement satisfactory to plaintiff, the EEOC

will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right-to-sue letter, plaintiff may sue in federal or state court. *Id.* Here, Plaintiff has attached a Notice of Suit Rights letter from the EEOC dated October 27, 2011 and subsequently filed this action within 90 days. Thus, it appears Plaintiff has exhausted his administrative remedies.

However, Plaintiff has not provided adequate factual support for his discrimination, retaliation, or hostile work environment claims. To state a claim for relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79. In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Plaintiff generally alleges that Defendant Union negligently and willfully refused to take necessary action to stop discrimination, harassment, and unequal treatment of Plaintiff by his employer. He also claims that Defendant Union wrongfully disregarded the grievance he filed to protest his discharge. Such an allegation does provide sufficient facts to identify an unlawful employment practice of a labor organization as defined in Title VII. 42 U.S.C. § 2000e-2(c). In particular, Plaintiff does not allege that Defendant Union discriminated against Plaintiff in a membership practice. He also does not specify how Defendant Union caused his prior employer to discriminate against him. Furthermore, Plaintiff does not allege any specific conduct that the Union engaged in to alter his work conditions. In addition, the Court notes that the same discrimination, retaliation, and hostile work environment claims alleged in this complaint have been filed against Plaintiff's prior employer, Smith's Food and Drug Store, after the Plaintiff was given leave to amend his complaint. *See* 2:12-cv-00122-GMN-GWF (#9). Consequently, the Court finds that Plaintiff failed to plead facts sufficient to support discrimination, retaliation, and hostile work environment claims under Title VII against Defendant Union.

Similarly, Plaintiff has not provided adequate factual support for his intentional infliction of

emotional distress claim.  To state a claim for intentional infliction of emotional distress, a plaintiff must establish "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillad Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372 (1999) (*quoting Star v. Rabello*, 97 Nev. 124 (1981)).  "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1 (1998) (internal quotation marks and citation omitted).  "The Court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines whether the conduct was extreme and outrageous enough to result in liability." *Chehade Rafai v. Lazaro*, 614 F.Supp.2d 1103, 1121 (D. Nev. 2009) (*citing Norman v. Gen. Motors Corp.*, 628 F.Supp. 702, 704-04 (D. Nev. 1986).  The Court finds that Plaintiff failed to plead facts sufficient to support a claim for intentional infliction of emotional distress against Defendant Union.

      Accordingly, because Plaintiff has not provided sufficient factual support for his claims, the complaint must be dismissed.  The dismissal will be without prejudice to Plaintiff and he may amend his complaint to include sufficient factual allegations to support his claims.

      Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **granted**.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at the government's expense.

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an amended complaint correcting the noted deficiencies.  Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 21st day of August, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**