UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MILTON CRAWFORD,

    Plaintiff,

v.

UNITED FOOD AND COMMERCIAL
WORKERS UNION LOCAL 711, *et al.*,

    Defendants.

Case No. 2:12-CV-00121-KDJ-CWH

**ORDER**

    Before the Court is the Motion to Dismiss (#9) filed by Defendants United Food and Commercial Workers International Union, UFCW Local 711, and United Food and Commercial Workers Union Local 711 (collectively "Defendants"). Plaintiff has filed a response (#9) and Defendants have filed a reply (#13).

I.  Background

    Plaintiff is representing himself pro se. The Amended Complaint contains a wide variety of information and assertions, from which the Court has attempted to glean a cohesive narrative. The operative allegations are that Plaintiff is an African American male who is approximately 50 years

old.  Plaintiff worked for Smith's Food and Drug Stores starting in 2006.  Plaintiff became a member of the United Food and Commercial Worker's Union on March 3, 2007.  In May 2007, Plaintiff complained to a Union representative that he had received some discipline that he felt was unfair, that he felt Smith's wanted to hire a younger person, and that he was not receiving adequate breaks.

In September 2008, Plaintiff complained to a Union representative that he was being discriminated against in wages after a female co-worker told him that she earned a higher hourly rate than him.  The Union representative explained to Plaintiff that the female co-worker had more experience.  In January, 2009 Plaintiff complained about his hours and was told that the Union was unable to help with this claim.

Plaintiff filed an EEOC complaint in March, 2010.  The Amended Complaint does not indicate the subject of the EEOC complaint.

In August, 2010, Plaintiff was written up for excessive absences, including an unexcused absence on April 30, 2010.  Apparently Plaintiff claimed that the April 30, 2010 absence should not have counted against him.  He talked with a Union representative about the write-up and was informed that the grievance relating to the April 30, 2010 absence was untimely and that the Union would not pursue it.

Plaintiff was incarcerated on October 28, 2010, and missed work for several days.  On November 2, 2010, Plaintiff was terminated.  Plaintiff contacted the Union representative and filed a written grievance.  The Union then informed Plaintiff that it would not proceed with the grievance procedure because incarceration was not a valid reason for unexcused absences.  Plaintiff allegedly told the Union representative that he was being treated differently from white workers who had been incarcerated and did not lose their jobs.  Plaintiff also told the Union representative that he was being retaliated against for filing complaints (presumably the EEOC complaint).  The Amended Complaint states that Plaintiff told the Union representative about two workers who were aided by the Union after termination.  However, according to the Amended Complaint these employees were terminated for other infractions, and not because they missed work due to incarceration.

On November 29, 2010, the Union wrote a letter to Plaintiff indicating that it would not proceed further in processing Plaintiff's grievance. Plaintiff filed a charge with the EEOC which was closed when the EEOC concluded that it could not establish any violation of employment statutes.

II. Discussion

    A. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

1  omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,
2  the complaint must be dismissed.  Twombly, 550 U.S. at 570.

3      Plaintiff is representing himself pro se.  Courts must liberally construe the pleadings of pro se
4  parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se
5  litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of
6  record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

7      B.  Claims of the Amended Complaint

8      Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185, provides for
9  suits in the district courts for violation of collective bargaining agreements between labor
10 organizations and employers without regard to the amount in controversy. Hines v. Anchor Motor
11 Freight, Inc., 424 U.S. 554, 562 (1976).  Section 301 also contemplates suits by individual employees
12 as well as between unions and employers.  Id.  Section 301 encompasses suits seeking "to vindicate
13 uniquely personal rights of employees such as wages, hours, overtime pay, and wrongful discharge."
14 Id.  Where an employee sues the union and/or the employer for unfair treatment and violation of the
15 duty of fair representation, the action is sometimes called a "hybrid action."[1] Conley v. International
16 Brotherhood of Electric Workers, Local 639, 810 F.2d 913, 915 (9th Cir.1987).  The applicable
17 statute of limitations for a hybrid action is six months.  Del Costello v. Teamsters, 462 U.S. 151, 171,
18 103 S.Ct. 2281 (1983).  The statute of limitations "begins to run when an employee knows or should
19 have known of the alleged breach of duty of fair representation" Galindo v. Stoody Co., 793 F.2d
20 1502, 1509 (9th Cir.1986).

21     Tort claims and other state-law causes of action that necessarily involve interpretation of, or
22 reference to, the terms of a collective bargaining agreement are preempted by Section 301.  See, e.g.,
23 Allis-Chalmers Corp v. Lueck, 471 U.S 202(1985) (tort claims); Reece v. Houston Lighting & Power
24 Co., 79 F.3d 485 (5th Cir. 1996) (race discrimination claim).

25
26     [1] In contrast, in a straightforward action under Section 301, the union usually sues the employer alleging that the employer breached the collective bargaining agreement. Conley, 810 F.2d at 915.

4

Plaintiff's Amended Complaint states that he is suing for "conspiracy against rights, civil action for deprivation of rights, negligence, negligent infliction of mental and or emotional distress, intentional infliction of emotional and mental distress, deprivation of equal rights under the law, undue harassment, racial discrimination, retaliation for engaging in protected activity and compensatory damages. . ." To the extent that Plaintiff states valid causes of action, the action complained of arises out of subject matter covered by the collective bargaining agreement, including wages, hours, absences, and the grievance process. Thus, each of Plaintiff's claims are preempted because they are subsumed in what amounts to an alleged breach of the Union's duty to fairly represent Plaintiff as required by the bargaining agreement.

Defendants argue that Plaintiff was on notice no later than November 29, 2010, when Defendants provided final notification in writing to Plaintiff that the Union would not pursue his grievance relating to his termination. According to Defendants, since Plaintiff did not file this suit until January 23, 2012, the suit is barred by the statute of limitations. Plaintiff has not provided authority or argument opposing Defendants' assertion. See Local Rule 7-2. Accordingly, Plaintiff's claims are barred by the six month statute of limitations.

### C. Failure to State a Claim

A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. See Vaca v. Sipes, 386 U.S. 171, 190 (1967). A union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion. Id. at 191. However, having conducted an adequate investigation and having determined that arbitration would be fruitless, or that a grievance should be dismissed, or settling the grievance short of arbitration, alone, is not grounds for a suit for breach of the duty of fair representation absent evidence of personal hostility to Plaintiff. Id. at 192, 194. The Supreme Court has long recognized that unions must retain wide discretion to act in what they perceive to be their members' best interests. See Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir. 1985)(citing Vaca, 386 U.S. at 182; Ford Motor Co. v. Huffman, 345 U.S. 330, 337-38 (1953)).

Thus, courts have "stressed the importance of preserving union discretion by narrowly construing the unfair representation doctrine." Johnson v. USPS, 756 F.2d 1461, 1465 (9th Cir. 1985); Peterson, 771 F.2d at 1253.

A union acts "arbitrarily" when it simply ignores a meritorious grievance or handles it in a perfunctory manner, for example, by failing to conduct a "minimal investigation" of a grievance that is brought to its attention. Vaca, 386 U.S. at 191; see also Tenorio v. Nat'l Labor Relations Bd., 680 F.2d 598, 601 (9th Cir. 1982). The Ninth Circuit has said that a union's conduct is "arbitrary" if it is "without rational basis." Gregg v. Chauffeurs, Teamsters and Helpers Union Local 150, 699 F.2d 1015, 1016 (9th Cir. 1983). The Ninth Circuit has rarely held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance. A court should not attempt to second-guess a union's judgment when a good faith, non-discriminatory judgment has in fact been made. Peterson, 771 F.2d at 1254. ("It is for the union, not the courts, to decide whether and in what manner a particular grievance should be pursued.")

Even if Plaintiff's claims were not barred by the statue of limitations, the Amended Complaint does not contain facts that support a plausible claim that Defendants breached their duty of representation by acting in an arbitrary or discriminatory manner toward Plaintiff. The facts as pled in the Amended Complaint demonstrate that the Union adequately and reasonably responded to Plaintiff's complaints regarding wages, hours, and termination. Further, although Plaintiff has alleged generally that white employees were not terminated for missing work due to incarceration, the Amended Complaint only identifies employees who were reinstated after being terminated for other infractions. Plaintiff offers no facts showing bad faith, discriminatory intent, or arbitrary conduct with respect to the Union's handling of his grievances. Further, Plaintiff has not provided meaningful argument in opposition to Defendants' motion to dismiss on this basis. Accordingly, the Court finds that the complaint fails to state a claim for which relief can be granted.

III.  Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#9) is **GRANTED**.

DATED this 20th day of February 2013.

                                                  _____
Kent J. Dawson
United States District Judge